# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **DKNP, L.L.C., d/b/a** ) | |
| **ET CETERA HOUSE,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 06-CV-632-JHP |
| ) | |
| **HARTFORD CASUALTY** ) | |
| **INSURANCE COMPANY,** ) | |
| ) | |
| **Defendant.** ) | |

## ORDER AND OPINION

Upon its own motion, the Court raises the issue of the Court's subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1447(c). Because the Court concludes that the Notice of Removal fails to establish the requisite amount in controversy, the Court ORDERS that this case be remanded to the District Court of Tulsa County.

## Background

On or about January 9, 2006, Plaintiff DKNP, L.L.C., doing business as Et Cetera House, obtained a business insurance policy from Defendant Hartford Casualty Insurance Company. The policy provided coverage for losses resulting from flooding, as well as expenses incurred as a result thereof. During the period of coverage, Plaintiff experienced flooding caused by problems in an adjacent business. The flooding apparently damaged the ceiling and floor of Plaintiff's stock room, as well as much of Plaintiff's inventory. Two different insurance adjusters were assigned by Defendant to investigate Plaintiff's claim for coverage under the policy. Although Plaintiff alleges that both adjustors indicated the damage would be covered, Defendant subsequently refused to pay Plaintiff's claims. Moreover, Plaintiff alleges that

Defendant removed Plaintiff's damaged inventory and began advertising it for sale.

After negotiations failed to resolve the dispute, Plaintiff filed suit against Defendant on September 13, 2006, in the District Court of Tulsa County. In its Amended Petition, filed on October 31, 2006, Plaintiff asserts claims for breach of contract, bad faith, fraud, and conversion, seeking reimbursement for the cost of repairs, losses related to the closing of the business pending repairs, and the value of the lost inventory, as well as for that portion of Plaintiff's inventory that Defendant allegedly converted. In accordance with Okla. Stat. tit. 12, § 2008(2), rather than specifying the amount actually sought, Plaintiff merely requested damages "in excess of $10,000." (Pl.'s Amend. Compl. at 4.) Defendant was served with process on November 2, 2006.

On November 14, 2006, Defendant removed the case to this Court pursuant to 28 U.S.C. §§ 1441 and 1446. The Court notes that Plaintiff has not objected to the Court's subject matter jurisdiction over the removed action. Nevertheless, "[s]ubject matter jurisdiction cannot be conferred or waived by consent, estoppel, or failure to challenge jurisdiction early in the proceedings." *Laughlin v. Kmart Corp*., 50 F.3d 871, 873 (10th Cir.1995). Instead, "if the parties fail to raise the question of the existence of jurisdiction, the federal court has the duty to raise and resolve the matter." *Id*. Moreover, 28 U.S.C. § 1447(c), which governs procedure after removal, explicitly contemplates such an occurrence by providing that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." Thus, the Court, on its own motion, now raises and addresses the issue of its subject matter jurisdiction in the present case.

## Discussion

"Except as otherwise expressly provided...any civil action brought in a State court of

which the district courts of the United States have original jurisdiction, may be removed by the defendant...to the district court of the United States...embracing the place where such action is pending." 28 U.S.C. § 1441(a).  Defendant apparently contends that this Court has original jurisdiction over this action based upon 28 U.S.C. § 1332, which provides that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states." 28 U.S.C. § 1332(a)(1).  The record in this case establishes that Plaintiff is a citizen of Oklahoma and Defendant, a corporation organized under the laws of Indiana and with its principle place of business in Connecticut, is a citizen of both Indiana and Connecticut. *See* 28 U.S.C. § 1332(c)(1) ("For the purposes of [§ 1332]...a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business."). Thus, the Court is left to determine whether the amount in controversy exceeds $75,000.

In *Laughlin v. Kmart Corp.*, the Tenth Circuit set forth the framework by which district courts in this circuit should measure whether the amount in controversy requirement has been satisfied:

> The amount in controversy is ordinarily determined by the allegations of the complaint,
>> or, where they are not dispositive, by the allegations in the notice of removal.  The burden
>> is on the party requesting removal to set forth, in the notice of removal itself, the
>> 'underlying facts supporting [the] assertion that the amount in controversy exceeds
>> [$75,000].'"  Moreover, there is a presumption against removal jurisdiction.

50 F.3d at 873 (citations omitted) (quoting *Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir.

1992)). As *Laughlin* makes clear, the amount in controversy "must be affirmatively established on the face of either the petition or the removal notice." *Id*. (emphasis added). Moreover, "at a minimum...the jurisdictional amount [must] be shown by a preponderance of the evidence." *Martin v. Franklin Capital Corp*., 251 F.3d 1284, 1290 (10th Cir. 2001), cert. granted, 544 U.S. 998 (2005) and aff'd, 546 U.S. 132 (2005). As the Tenth Circuit observed in *Martin*, "defendant's right to remove and plaintiff's right to choose his forum are not on equal footing; for example, unlike the rules applied when a plaintiff has filed suit in federal court with a claim that, on its face, satisfies the amount in controversy requirement, removal statutes are construed narrowly." *Id*. at 1289-1290.

In its Amended Petition, Plaintiff requests damages "in excess of $10,000 for economic loss suffered as the proximate result of Defendant's bad faith delay and refusal to pay Plaintiff's valid claim, for Defendant's malicious, fraudulent, and oppressive conduct that reflected a conscious disregard for Plaintiff's rights, and for conversion of Plaintiff's damaged inventory." (Pl.'s Amend. Compl. at 4.) Because the amount in controversy is not affirmatively established on the face of Plaintiff's Petition, Defendant bears the burden to set forth in its Notice of Removal sufficient underlying facts to support its assertion that the amount in controversy exceeds the jurisdictional limit. *See Barber v. Albertsons, Inc.*, 935 F. Supp.1188, 1192 (N.D. Okla.1996) ("[T]he plain language of Laughlin requires a removing defendant to set forth, in the removal documents, not only the defendant's good faith belief that the amount in controversy exceeds [$75,000], but also facts underlying defendant's assertion.").

In its Notice of Removal, Defendant asserts that "[a]ccording to the nature of Plaintiff's allegations and prayer for damages, the matter in controversy, exclusive of interests and costs, exceeds the sum of...$75,000." (Def.'s Notice of Removal at 1.) As the Ninth Circuit noted in

*Gaus*, however, a defendant's "magical incantation" that the amount in controversy exceeds the jurisdictional minimum "neither overcomes the 'strong presumption' against removal jurisdiction, nor satisfies [the defendant's] burden of setting forth, in the removal petition itself, the underlying facts supporting its assertion that the amount in controversy exceeds [$75,000]." 980 F.2d at 567.  Under *Laughlin*, a removing defendant must also provide sufficient underlying facts to prove, by a preponderance of the evidence, that the amount in controversy exceeds $75,000.

In support of its assertion that the jurisdictional amount has been satisfied in this case, Defendant first notes that Plaintiff alleges its property sustained damage as a result of plumbing leaks from an adjacent business.  (Def.'s Notice of Removal at 2.)  Unfortunately, neither Plaintiff's Amended Petition nor Defendant's Notice of Removal provides any underlying facts by which the Court may measure either the approximate value of the damage to Plaintiff's property or the value of the insurance policy at issue.  As other cases in this district have made clear, "if the face of the petition does not affirmatively establish that the amount in controversy exceeds [$75,000], then the rationale of *Laughlin* contemplates that the removing party will undertake to perform an economic analysis of the alleged damages with underlying facts." *Barber*, 935 F. Supp. at 1192.  A party may fulfill this obligation by "parsing out the elements of damages claimed in the petition" or "through discovery requests." *Id*.  Defendant, however, chose neither of these avenues and instead opted to remove the present action to this Court without the benefit of any facts establishing the value of Plaintiff's underlying economic losses.  Thus, the Court cannot conclude, as Defendant apparently has, that "from the nature of Plaintiff's allegations, the amount in controversy exceeds $75,000."  (Def.'s Notice of Removal at 2.)

Defendant also notes that Plaintiff's Amended Petition alleges that Defendant "breached its duty to deal fairly and act in good faith with Plaintiff and acted fraudulently." (Def.'s Notice of Removal at 3.) However, Defendant fails to provide any underlying facts relating to the value of Plaintiff's fraud and bad faith claims. Without such underlying facts, the Court cannot conclude that Defendant has met its burden of establishing by a preponderance of the evidence that the amount in controversy in this case exceeds the jurisdictional minimum.

Finally, Defendant argues that Plaintiff's punitive damages claim against Defendant satisfies the amount in controversy requirement. (Def.'s Notice of Removal at 3.) Defendant notes that Okla. Stat. tit. 23, § 9.1(B), which governs punitive damages, provides for an award of up to $100,000 and that "[h]istorically a punitive damage award in Oklahoma may be extremely large, even in cases where compensatory damages are relatively small." (Def.'s Notice of Removal at 3). Defendant also includes a list of federal and state cases in which juries have awarded punitive damages against an insurance company in excess of $75,000. On this basis, Defendant concludes that "in view of awards rendered in similar cases [D]efendant . . . has met its burden of producing sufficient evidence to convince this [C]ourt that the amount in controversy is greater than $75,000.00 exclusive of costs and interest." (Def.'s Notice of Removal at 5.)

Accepting without argument that the amount of punitive damages claimed may be included in calculating the amount in controversy, this case does not present such a situation. *Bell v. Preferred Life Assur. Soc'y*, 320 U.S. 238 (1943), cited by Defendant for the proposition that "[c]alculation of the amount in controversy includes both compensatory and punitive damages" (Def.'s Notice of Removal at 3), dealt with a plaintiff's complaint originally filed in federal court requesting actual and punitive damages in the amount of $200,000. *Bell*, 320 U.S.

at 239-240.  The district court initially dismissed the case for lack of diversity jurisdiction, finding to a legal certainty that the plaintiff could not recover an amount in excess of $1,000, the face value of the insurance certificate at issue in the case.  *Id*. at 240.  In reversing the lower court decision, the U.S. Supreme Court held that "[w]here both actual and punitive damages are recoverable under a complaint each must be considered *to the extent claimed* in determining jurisdictional amount.  *Id*. (emphasis added).  The Court concluded that under applicable state law governing punitive damages, it was not clear to a legal certainty that the plaintiff could not recover punitive damages in excess of the amount in controversy.  *Id*.

      The facts of the present case are readily distinguishable.  This case does not involve a complaint originally filed in federal court alleging punitive damages in excess of $75,000.  Here, Plaintiff's Amended Complaint asserts a claim for punitive damages in an undefined amount.  As noted above, a defendant's notice of removal is not granted the same deference as a plaintiff's complaint originally filed in federal court.  *See Martin v. Franklin Capital Corp*., 251 F.3d 1284, 1289-1290.  Under *Laughlin*, it is Defendant's burden to establish that the punitive damage claim satisfies the amount in controversy requirement.  However, Defendant has failed to provide any underlying facts supporting its assertion that the punitive damage claim in this case exceeds $75,000.  Although Defendant lists other cases in which the punitive damage awards exceeded $75,000, Defendant fails to demonstrate how the factual similarity between those cases and the present case create an inference that such an award would be justified in this case.  Absent any underlying facts tending to show that such an award would be justified or likely in this case, Defendant's "conclusory statements regarding punitive damages are insufficient to meet the burden of showing underlying facts supporting the requisite jurisdictional amount."  *Lightle v. Hartford Ins. Co. of Midwest*, No. 06-CV-0140-CVE-FHM, 2006 WL 1047061, *2 (N.D. Okla.

April 19, 2006). *See Flowers v. EZPawn Oklahoma, Inc.*, 307 F. Supp. 2d 1191, 1200 (N.D. Okla. 2004) ("Defendants' statement that '[p]unitive damage awards in Oklahoma can be extremely large, even in individual cases where compensatory damages are relatively small' . . . do[es] not meet defendants' burden to show underlying facts supporting the jurisdictional amount."). To hold otherwise would require this Court to conclude that every civil action asserting a punitive damages claim under Oklahoma law necessarily satisfies the amount in controversy requirement of 28 U.S.C. § 1332 simply because the maximum potential recovery exceeds $75,000, something the Court is not prepared to do.

Instead, in light of the presumption against removal and the requirement that removal statutes be narrowly construed, the Court concludes that the underlying facts presented in Defendant's Notice of Removal are insufficient to meet Defendant's burden to establish by a preponderance of the evidence that the amount in controversy in this case exceeds $75,000, exclusive of interests and costs. As such, this Court lacks original subject matter jurisdiction over this action and must remand the case to state court pursuant to 28 U.S.C. § 1447(c).

## Conclusion

Fore the foregoing reasons, the Court hereby orders the Court Clerk to remand this case to the District Court for Tulsa County.

IT IS SO ORDERED this 10th day of January, 2007.

_____
James H. Payne
United States District Judge
Northern District of Oklahoma